IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGIA LOUISE DAVIS,                    )
                                         )
                        Plaintiff,       )
                                         )
vs.                                      )        Civil Action No. 08-928
                                         )
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security,         )
                                         )
                        Defendant.       )

## MEMORANDUM OPINION

October 5, 2009

Acting pursuant to 42 U.S.C. § 1383(c) Georgia Louise Davis ("Davis" or "plaintiff") seeks review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") which disallowed her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.

Davis was born on August 27, 1953. (R. 193). She dropped out of high school in ninth grade and, despite attending some classes, was unsuccessful in her efforts to obtain her General Equivalency Diploma ("GED"). (R. 21; 195). She completed a Certified Nursing Assistant ("CNA") program in 1972. (R. 158; 195). Davis' work history consists of working as a nursing assistant at a healthcare facility from 1976 until 1983, a nursing assistant at a hospital in 1984, a home health aide from 1999 until 2001, and housekeeping and maintenance in 2003. (R. 171). Because Davis' annual earnings were not substantial, however, the ALJ determined that she had no past relevant work. (R. 20).

Davis protectively filed a claim for SSI on June 16, 2005, in which she asserted disability beginning on June 1, 2005, resulting from depression and arthritis in her knee, back, back and hips. (R. 78-80). Davis' claim was denied on initial review, and she requested a hearing. (R. 42; 52). A hearing was held before an Administrative Law Judge ("ALJ") on January 9, 2008, via videoconference, during which claimant was represented by counsel and appeared and testified. (R. 403-22). An impartial vocational expert ("VE") was also present, but did not testify.

On April 10, 2008, the ALJ issued an unfavorable decision regarding Davis' claim, taking administrative notice that, considering her age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that she can perform.[1] (R. 21).  The ALJ concluded, therefore, that Davis was not disabled under the Act.[2] (R. 21-22).  On May 14, 2008, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (R. 4-6).

Administrative remedies thus being exhausted, Davis brought the instant matter before this court, seeking judicial review of the Commissioner's decision.  The parties have each filed motions for summary judgment together with supporting briefs, and the matter is now ripe for disposition.

This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  The court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 108 S.Ct. 2541, 2545 (1988).  As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this court "would have decided the factual inquiry differently." *Hartranft v.*

---

[1] For purposes of the Act, work "exists in the national economy" if it "exists in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  "The ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

[2] An individual is considered to be "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A); see also 42 U.S.C. § 423(d)(1)(A)(using almost identical language).

*Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  "Overall, the substantial evidence standard is a deferential standard of review."  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents [her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A).  A claimant is considered to be unable to engage in substantial gainful activity "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

To support his ultimate findings, the Commissioner must do more than simply state factual conclusions.  He must make specific findings of fact.  *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir. 1983).  An administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act.  The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further.  At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 404.1520(c), 416.920(c).  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  §§ 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the

claimant can do his previous work; unless he shows that he cannot, he is
determined not to be disabled.  If the claimant survives the fourth stage, the fifth,
and final, step requires the SSA to consider so-called "vocational factors" (the
claimant's age, education, and past work experience), and to determine whether
the claimant is capable of performing other jobs existing in significant numbers in
the national economy.  §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003)(footnotes omitted).  Hence, as a general matter, a

claimant seeking benefits under the Act may establish the existence of a statutory disability by

(1) introducing medical evidence that she is *per se* disabled as a result of an impairment

appearing in the Listing of Impairments or (2) demonstrating that the functional limitations

caused by her impairments effectively preclude her from returning to her past relevant work and

from performing other jobs existing in significant numbers in the national economy.  *Stunkard*,

849 F.2d at 59.

        In an action in which review of an administrative determination is sought, the agency's

decision cannot be affirmed on a ground other than that actually relied upon by the agency in

making its decision.  In *Securities & Exchange Commission v. Chenery Corporation*, 332 U.S.

194, 196 (1947), the Supreme Court explained:

        When the case was first here, we emphasized a simple but fundamental rule of
        administrative law.  That rule is to the effect that a reviewing court, in dealing
        with a determination or judgment which an administrative agency alone is
        authorized to make, must judge the propriety of such action solely by the grounds
        invoked by the agency.  If those grounds are inadequate or improper, the court is
        powerless to affirm the administrative action by substituting what it considers to
        be a more adequate or proper basis.  To do so would propel the court into the
        domain which Congress has set aside exclusively for the administrative agency.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this

rule in the Social Security disability context.  *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d

Cir. 2001).  Thus, the court's review is limited to the four corners of the ALJ's decision.

        Plaintiff's first challenge to the sufficiency of the ALJ's decision is that the ALJ erred in

failing to give proper weight to the opinion of her treating physician.  Specifically, plaintiff

asserts that the ALJ's residual functional capacity[3] ("RFC") assessment that plaintiff was capable of performing the full range of light work failed to adequately consider the opinion of Megan Cunnane, M.D. ("Dr. Cunnane"), who concluded that plaintiff was capable of performing no more than sedentary work.  Had the ALJ found plaintiff capable of performing only sedentary work, under the guidelines of 20 C.F.R. Part 404, Subpart P, Appendix 2, an ascertainment of "disabled" would have been compulsory.  Furthermore, plaintiff asserts that Dr. Cunnane's opinion is supported by other objective medical evidence in the record.  Plaintiff argues that the ALJ not only failed to provide a reason for rejecting this opinion, but that he did not discuss it at all.

While it is true that "[u]nder applicable regulations and the law of this Court, opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight," *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)), an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 486 F.3d 422, 429 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)).

The Court finds that the ALJ did conduct a thorough and comprehensive review of the medical evidence, including the treatment notes of Dr. Cunnane.  In fact, the ALJ dedicates six paragraphs of his decision to an analysis of Dr. Cunnane's medical records of plaintiff's treatment, and he assigned Dr. Cunnane's opinion significant weight. (R. 18-20).  Plaintiff's argument rests solely on a one page, generic letter dated January 17, 2008, addressed "To Whom it May Concern," and which reads, "Georgia L. Davis is a patient of mine who has chronic knee and hip pain.  As a result, she is limited in her mobility.  She is capable of doing sedentary activity, but would have difficulty standing or walking for long periods of time." (R. 192).  Dr. Cunnane offered no supporting explanation for this finding.  Furthermore, the letter appears to have been written at the behest of plaintiff's attorney for the purpose of obtaining disability benefits.  An ALJ may reject the opinion of a physician if it is contrary to other medical evidence contained in the record, *see, e.g., Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988), or if

---

[3] Residual functional capacity is "what [the claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a).

it is insufficiently supported by clinical data, *see, e.g., Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985), or if it is in the form of an unsupported conclusory opinion, *see, e.g., Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991).  Moreover, the ultimate determination of a claimant's RFC is a responsibility reserved exclusively to the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946.  Under the Commissioner's regulations, the ALJ has the responsibility to determine a claimant's RFC after evaluating all the evidence of record regarding the claimant's impairments and resulting functional limitations. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c).  Although the Commissioner considers opinions from treating medical sources when making a determination on this issue, the final responsibility for the decision is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1)-(3), 416.946.  The court therefore finds no error in the ALJ's analysis of the medical evidence of record from Dr. Cunnane.

Plaintiff's next argument is that the ALJ's RFC determination is not supported by substantial evidence.  Plaintiff asserts that the ALJ failed to consider plaintiff's non-exertional mental impairments in constructing his RFC.

Plaintiff avers that despite crediting the report of Charles M. Cohen, Ph.D. ("Dr. Cohen"), a consultative examiner, the ALJ fails to find any limitation based on his report.  The court does not agree.  As plaintiff points out, Dr. Cohen found marked impairments in plaintiff's ability to understand, remember, and carry out detailed instructions. (R. 312).  The ALJ included these findings in assessing plaintiff's RFC. (R. 16).  Furthermore, Dr. Cohen ultimately concluded that "her symptoms of depression in and of themselves do not appear to be so severe as to preclude all employment." (R. 310).  In addition, the mental residual functional capacity assessment completed by Santilli Michelle on October 20, 2005, considered Dr. Cohen's opinion and found it to be consistent with the conclusion that the "claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her impairment." (R. 329).

Plaintiff further contends that the ALJ fails to discuss the report of Linda Rockey, Psy.D. ("Dr. Rockey"), another consultative examiner.  Initially, the court notes that Dr. Rockey's consultative examination was performed for one of plaintiff's previous applications for SSI, and

thus was already subject to an adverse decision by the Commissioner.  Additionally, Dr. Rockey's opinion was adopted in a functional capacity assessment completed by Sharon Becker Tarter, Ph.D., on August 19, 2003, again for a previous application for SSI, in which it was found that plaintiff was able to perform substantial gainful activity. (R. 215).

Plaintiff maintains that the ALJ's decision is internally inconsistent because he found that plaintiff's depression was a severe impairment at step two of the sequential evaluation, but that the ALJ does not account for any mental limitations in making his RFC assessment.  The ALJ included in his RFC that "[t]he claimant's only mental limitation is that she is limited to unskilled work, thus, she is capable of understanding, remembering and carrying out simple instructions and performing simple tasks."  That limitation accounts for the marked limitations found in her ability to understand, remember, and carry out detailed instructions.  Further, the ALJ may use his discretion, in consultation with medical opinion, to determine residual functional capacity. 20 C.F.R. §§ 404.1527(e), 416.927(e); Social Security Ruling 96-5p.  The ALJ need only include those limitations which he found to be credible in his RFC determination. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); *see also Hartranft*, 181 F.3d at 362.  Furthermore, plaintiff bears the burden of showing that she lacks the RFC ascribed by the ALJ. See *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).  Significantly, none of the psychiatric opinions contained in the record preclude plaintiff from engaging in substantial gainful activity.  The court finds that the ALJ's RFC assessment is supported by substantial evidence of record.

Plaintiff's third assailment on the ALJ's decision is that the ALJ improperly took administrative notice of jobs the claimant could perform without obtaining vocational expert testimony, without providing notice of intention to do so, and without specifying the jobs she could perform.

Plaintiff relies on *Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000) and *Allen v. Barnhart*, 417 F.3d 396 (3d Cir. 2005) as support for her position that when a claimant has both exertional and nonexertional limitations, an ALJ may not take administrative notice of jobs the claimant could perform without obtaining vocational expert testimony, without providing notice of intention to do so, and without specifying the jobs she could perform.  In *Sykes* the United States Court of

Appeals for the Third Circuit held that "the Commissioner cannot determine that a claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion)." *Sykes*, 228 F.3d at 261.

In this case, the ALJ assessed plaintiff's nonexertional impairments in the RFC as "[t]he claimant's only mental limitation is that she is limited to unskilled work, thus, she is capable of understanding, remembering and carrying out simple instructions and performing simple tasks. These mental limitations do not significantly erode the full range of unskilled light/sedentary work." (R. 16). Under *Sykes*, a determination that a nonexertional impairment does not significantly erode the availability of jobs existing in the national economy that a claimant could perform is improper. *Sykes*, 228 F.3d at 270. In this case, however, it cannot be said that the ALJ's determination that plaintiff's nonexertional impairments do not effect the applicability of the Grids is erroneous, because the only nonexertional limitation ascribed to plaintiff by the ALJ essentially limited her to unskilled work, which the Grids contemplate. Limiting plaintiff to simple instructions and simple tasks does not erode the base of unskilled jobs that plaintiff could perform, because the Commissioner defines unskilled work as needing "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). Thus, plaintiff fits the precise requirements of the Grids which state that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. Part 404, Subpart P, Appendix 2 § 200.00(a). For this same reason, the ALJ was not required to afford plaintiff notice of his intention to take administrative notice of jobs existing in significant numbers in the national economy which plaintiff could perform. The court finds no error in the ALJ's application of the Grids in determining that plaintiff was capable of performing other work.

Plaintiff's final challenge to the ALJ's decision is that he mechanically applied the Grid's age categories in determining that she was not disabled. The ALJ's decision was issued on April 10, 2008. Plaintiff attained age 55 a little over four months later, on August 27, 2008. At age 55,

plaintiff is considered of advanced age according to the regulations, and as such, application of the Grids, would have found her to be disabled.  Plaintiff's argument is that because she was in a borderline situation with respect to the age categories of the Grids, the ALJ should have addressed this issue.  The court agrees.

The Regulations caution against mechanical application of the grids in a "borderline situation."  Section 404.1563(b) provides, in pertinent part:

> [w]e will use each of the age categories that applies to you during the period for which we must determine if you are disabled.  We will not apply the age categories mechanically in a borderline situation.  If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

If the ALJ does not properly apply § 404.1563(b), and if proper application of that regulation could change the ALJ's determination, the matter must be remanded for further consideration. *Kane v. Heckler*, 776 F.2d 1130, 1134 (3d Cir. 1985).

Of course, there is no brightline rule for what constitutes a "borderline situation."  In the Third Circuit, forty-eight days clearly creates a borderline situation. *Kane, supra.*  In a non-precedential opinion, the Third Circuit has held that 106 days is borderline. *See Lucas v. Barnhart*, 184 Fed.Appx. 204 (3d Cir. 2006).  The Tenth Circuit has held that six months is borderline. *See Cox v. Apfel*, 1998 WL 864118, at *4 (10th Cir. Dec. 14, 1998)("[B]ecause plaintiff was within six months of the next age category . . . at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids.").  Among the District Courts in the Third Circuit, seven months has been held to create a borderline situation. *See Williams v. Bowen*, 1987 WL 9148, *2 (E.D.Pa. April 6, 1987).  Nine months appears to represent the outer perimeter of what constitutes a borderline case in the District Courts of the Third Circuit. *See Rosado v. Bowen*, 1986 WL 15004, *4 (E.D.Pa. Dec. 30, 1986).  Indeed, Appeals Council Interpretation II-5-302 (effective Mar. 16, 1979) "appears to establish that the Appeals Council believes there is a six month window in

which a claimant's situation is 'borderline.'" *See Russell v. Commissioner of Social Security*, 20 F.Supp.2d 1133 (W.D.Mich. 1998).

In plaintiff's case, if the rule for the next age category were employed a determination of disabled would have been compulsory. Specifically, under Rule 202.01, an individual (a) whose RFC is limited to light work, (b) who is advanced age (age 55 or over), (c) who has a limited or less education, and (d) whose previous work experience is unskilled or none, is presumed to be disabled. The ALJ, however, failed to consider or address the borderline grid situation present in plaintiff's case. After careful consideration, the Court concludes that the ALJ's failure to address the issue of borderline age in this case was error because such consideration may have resulted in a change in the outcome of this case. Thus, the case will be remanded to the Commissioner for further consideration.

Based upon the foregoing, the Commissioner's motion for summary judgment will be denied and the case will be remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

An appropriate order shall issue.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GEORGIA LOUISE DAVIS,       )
                                        )
              Plaintiff,     )
                                        )
vs.                              )       Civil Action No. 08-928
                                        )
                                        )
MICHAEL J. ASTRUE,       )
Commissioner of Social Security,   )
                                        )
              Defendant.    )

**ORDER OF COURT**

**AND NOW**, this 5th day of October, 2009, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

    1.      The Motion for Summary Judgment filed by Plaintiff, Georgia Louise Davis, is

**GRANTED**;

    2.      The Motion for Summary Judgment filed by Defendant, Michael J. Astrue,

Commissioner of Social Security is **DENIED**;

    3.      This case is **REMANDED** to the Commissioner for further consideration and/or

proceedings consistent with the foregoing Memorandum Opinion of the Court; and

    4.      The Clerk shall docket this case closed forthwith.

                          BY THE COURT:

                          s/ Terrence F. McVerry
                          United States District Court Judge

cc:      Marvin Leibowitz, Esquire
         Email: marvleibo@yahoo.com

         Lee Karl,
         Assistant United States Attorney
         Email: lee.karl@usdoj.gov